CASE 14—PETITION EQUITY—DECEMBER 18.

## Baker vs. Smith.

APPEAL FROM PULASKI CIRCUIT COURT.

An administrator or executor who is appointed, or who qualifies in another State, and there receives assets into his hands, may be sued in the tribunals in this State by the person or persons entitled to such assets, *if he shall have removed to and settled in this State*. Such is the well settled doctrine. (18 *B. Mon.*, 597, *and cases there cited.*) But the right to sue a foreign administrator has never been extended further.

In a case where the debtor died in another State, the administrator having been appointed and qualified there, and being a resident of such State, no action can be maintained against such foreign administrator, in the courts of this State, by a creditor of his intestate. (*Story on Conflict of Laws, sec.* 513.)

WILLIAMS, BRADLEY, BATCHELER, and HARLAN, for appellant, cited 8 *B. Mon.*, 227.

Fox & BELL, for appellee.

A. J. JAMES, on same side.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

An administrator or executor, who is appointed, or who qualifies in another State, and there receives assets into his hands, may be sued in the tribunals in this State by the person or persons entitled to such assets, *if he shall have removed to and settled in this State*. Such seems to be the well settled

doctrine. (*Manion's adm'r. vs. Titsworth,* 18 *B. Mon.,* 597, *and cases there cited.*)

But the right to sue a foreign administrator has never been extended further, and in a case like the present, where the debtor died in another State, the administrator having been appointed and qualified there, and being a resident of such State, no action can be maintained against such foreign administrator in the courts of this State, by a creditor of his intestate. The rule is thus stated by Judge Story: "If a creditor wishes a suit to be brought in any foreign country, in order to reach the effects of a deceased testator or intestate, situated therein, it will be necessary that letters of administration should be there taken out in due form, according to the local law, before the suit can be maintained; for the executor or administrator, appointed in another country, is not suable there, and has no positive right to, or authority over, those assets, nether is he responsible therefor." (*Story on Conflict of Laws, sec.* 513.)

Several exceptions to this general rule are stated in the subsequent sections on the same subject, but this case comes within none of those exceptions, and they need not therefore be noticed.

The consequence is, that upon the facts set forth in the petition the appellant did not show himself entitled to any relief. But if this were otherwise, we are satisfied that the judgment is right upon the merits. The note which constitutes the foundation of the action had been due about thirty-eight years, and the transactions in which the alleged indebtedness of Smith to Dungan are supposed to have originated, are almost equally stale, and the proof in regard to them is too uncertain to have authorized any judgment against Smith.

The judgment is affirmed.